IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DEON C. STAFFORD, SR.,                      :
                                            :
          Plaintiff                         :
                                            :
     v.                                     :     CIVIL NO. 4:CV-13-2026
                                            :
JOHN WETZEL, ET AL.,                        :     (Judge Brann)
                                            :
          Defendants                        :

**MEMORANDUM**

February 5, 2015

**Background**

This pro se civil rights action was filed by Deon C. Stafford, Sr., regrading

his confinement at the State Correctional Institution, Dallas, Pennsylvania (SCI-

Dallas).  Following service of the Original Complaint, Defendants filed a motion

to dismiss the Complaint or in the alternative for more definite statement.  Plaintiff

responded by submitting a motion requesting leave to file an amended complaint

accompanied by a proposed amended complaint.

By Order dated June 11, 2014, Plaintiff's motion to amend was granted and

his proposed Amended Complaint (Doc. 14-1) was accepted.[1]  Named as

Defendants therein are the following SCI-Dallas officials: Superintendent Jerome

Walsh; Major Gary Gordon; Captain Martin; Unit Manager Mick Brueninger;

Foreman Ron Scavone; Lieutenant Patterson;[2] and Correctional Officers

Bobowicz, Yetter, Beers, and Tipler.[3]

   Plaintiff alleges that he was subjected to sexual advances, comments,  and

harassment by Defendants Beers and Tipler on or about October 2012.  See Doc.

14-1, ¶ IV.  Stafford indicates that the alleged misconduct was reported o

correctional staff including Unit Manager Brueninger, who failed to take any

action because Tipler was "protected."   Id. at ¶ 2.

   On October 28, 2012, Plaintiff states that he told CO Tipler that he was

keeping a written log of that Defendant's sexual advances and would file a

grievance if Tipler continued the abuse.   Defendant Tipler purportedly responded

by threatening the Plaintiff with continuous cell searches if the inmate initiated a

---

[1]   The claims against Original Defendant Secretary John Wetzel were deemed withdrawn.

[2]   Patterson was listed as an Original Defendant but not listed as being a defendant in the Amended Complaint.  However, there is a claim asserted against him in the body of the Amended Complaint.

[3]   The parties' submissions include different spellings of some of the Defendants' names.

grievance against the officer.

The following day, Stafford claims that his cell was ransacked by Defendants Yetter and Bobowicz "for security." Id. at ¶ 3.   During this search, it is alleged some of Plaintiff's grievances ( one he was preparing against Tipler and one on behalf of a fellow prisoner), personal legal pleadings and his log of Tripler's actions were  confiscated.  Stafford concedes that some of those documents were returned to him later that same day by Defendant Bobowicz.   In addition, Stafford was told that Captain Martin and Lieutenant Patterson had made a copy of the written log and that Martin had threatened the Plaintiff with disciplinary confinement if the inmate continued to pursue his legal remedies or those of other inmates.

On October 30, 2012, Plaintiff filed a grievance against Tipler, Bobowicz, and Yetter.  The next day, it is asserted that Unit Manager Brueninger threatened Plaintiff with disciplinary confinement because Stafford was trying to sue him. On November 2, 2012, Plaintiff maintains that Major Gordon threatened him with a transfer if he filed any more grievances or lawsuits.  Later that same day,  the Plaintiff asserts that he subjected to a retaliatory transfer to another housing unit.

A grievance was by Stafford alleging retaliation by Unit Manager Brueninger was filed on November 21, 2012.  The Amended Complaint next states that on November 26, 2012. Major Gordon verbally threatened Stafford

with disciplinary confinement and a transfer if he didn't withdraw his grievances

against Tipler and Brueninger.   Over the next few months (December, 2012-

March, 2013) , the Plaintiff was allegedly subjected to repeated urine testing, cell

and pat down searches which were ordered by Lieutenant Martin.  After Plaintiff

filed a grievance against Martin the retaliation continued and included verbal

threats to drop his grievances and negative work reports by Defendant Foreman

Scavone (apparently Plaintiff's work supervisor).  Scavone's alleged actions

resulted in loss of Plaintiff's institutional employment.  It is additionally alleged

that CO Beers would visit the Plaintiff (between March-May, 2013) on a weekly

basis with messages from Gordon or Martin indicating that the retaliation would

cease if Plaintiff dropped his grievances.[4]  On May 6, 2013, Stafford was

transferred to another housing unit allegedly because he filed a grievance against

Gordon.  Plaintiff seeks compensatory and punitive damages as well as injunctive

relief.

Presently pending is Defendants' motion to dismiss less than all the claims

raised in the Amended Complaint.[5]  See Doc. 25.  The opposed motion is ripe for

---

[4]  Stafford adds that he filed four (4) grievances against Scavone for making
threats.

[5]   Although the motion indicates that it is only seeking partial dismissal, the
supporting brief does not indicate which claims are not being addressed.

consideration.

**Discussion**

**Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of

complaints that fail to state a claim upon which relief can be granted.  When ruling

on a motion to dismiss under  Rule 12(b)(6), the court must "accept as true all

factual allegations in the complaint and all reasonable inferences that can be

drawn therefrom, and view them in the light most favorable to the plaintiff."

Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007)(quoting Evancho v. Fisher,

423 F.3d 347, 350 (3d Cir. 2005)).  A plaintiff must present facts that, if true,

demonstrate a plausible right to relief.  See Fed. R. Civ. P. 8(a)(stating that the

complaint should include "a short and plain statement of the claim showing that

the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555

(2007).  This requirement "calls for enough facts to raise a reasonable expectation

that discovery will reveal evidence of" the necessary elements of the plaintiff's

cause of action.  Id. at 556.  A complaint must contain "more than an unadorned,

the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S.

662, 129 S.Ct 1937, 1949 (2009). "Threadbare recitals of the elements of a cause

of action, supported by mere conclusory statements do not suffice." Iqbal, 129

S.Ct. at 1949.  Legal conclusions must be supported by factual allegations and the

complaint must state a plausible claim for relief.  See id. at 1950.

"Factual allegations must be enough to raise a right to relief above the

speculative level, on the assumption that all the allegations in the complaint are

true (even if doubtful in fact)."  Twombly, at 555.  The reviewing court must

determine whether the complaint "contain[s] either direct or inferential allegations

respecting all the material elements necessary to sustain recovery under some

viable legal theory."  Id. at 562; see also Phillips v. County of Allegheny, 515 F.3d

224, 234 (3d Cir. 2008)(in order to survive a motion to dismiss, a plaintiff must

allege in his complaint "enough facts to raise a reasonable expectation that

discovery will reveal evidence of the necessary element[s]" of a particular cause of

action).  Additionally, pro se pleadings are to be construed liberally, Haines v.

Kerner, 404 U.S. 519, 520 (1972).

**Personal Involvement**

The first argument raised by Defendants contends that Original Defendant

Mahally is entitled to entry of dismissal on the basis of lack of personal

involvement.  See Doc. 26, p. 7.  It is asserted that the Amended Complaint does

not raise any contention against Mahally whatsoever so there is no basis for a

claim that said official was personally involved in any civil rights violation.

A plaintiff, in order to state an actionable civil rights claim, must plead two

essential elements:  (1) that the conduct complained of was committed by a person

acting under color of law, and (2) that said conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Groman v. Township of Manalapan, 47 F.3d 628, 638 (3d Cir. 1995); Shaw by Strain v. Strackhouse, 920 F.2d 1135, 1141-42 (3d Cir. 1990).

Furthermore, federal civil rights claims brought under § 1983 cannot be premised on a theory of respondeat superior. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Rather, each named defendant must be shown, via the complaint's allegations, to have been personally involved in the events or occurrences which underlie a claim. See Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077 (3d Cir. 1976). As explained in Rode:

> A defendant in a civil rights action must have personal
> involvement in the alleged wrongs. . . . [P]ersonal involvement
> can be shown through allegations of personal direction or of
> actual knowledge and acquiescence. Allegations of
> participation or actual knowledge and acquiescence, however,
> must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

The Original Complaint in this matter listed SCI-Dallas Deputy Superintendent Lawrence Mahally as being a defendant. However, Mahally is not listed as being a defendant in the Amended Complaint and this Court agrees that there are no discernible claims set forth against the Deputy Superintendent therein.

Pursuant to the standards announced in <u>Rode</u>, Original Defendant Mahally's request for dismissal will be granted.

**Official Capacities**

Defendants next contend that the claims for monetary damages against the individual Defendants in their official capacities are barred by the Eleventh Amendment. <u>See</u> Doc. 26, p. 8.

The Eleventh Amendment bars all suits against a state and its agencies in federal court that seek monetary damages. <u>Walker v. Beard</u>, 244 Fed. Appx. 439, 440 (3d Cir. 2007); <u>see</u> <u>also</u> <u>A.W. v. Jersey City Public Schools</u>, 341 F.3d 234, 238 (3d Cir. 2003). Likewise, suits brought against state officials acting in their official capacities are to be treated as suits against the employing government agency. <u>Garden State Elec. Inspection Serv. v. Levin</u>, 144 Fed. Appx. 247, 251 (3d Cir. 2005). As such, Stafford's damage claims brought against the individual Defendants in their official capacities are considered to be against the state itself and are barred by the Eleventh Amendment.[6]

**Verbal Abuse**

The Amended Complaint includes allegations that Stafford was subjected to

---

[6]    To the extent that Plaintiff is seeking injunctive relief against the individual defendants in their official capacities, such requests are not barred by the Eleventh Amendment. <u>See</u> <u>Pennsylvania Federation of Sportsmen's Clubs, Inc. v. Hess</u>, 297 F.3d 310, 323 (3d Cir. 2002).

verbal harassment by multiple Defendants.  Defendants's pending motion contends that those claims should be dismissed.  <u>See</u>  Doc. 26, p. 9.

It is well settled that the use of words generally cannot constitute an assault actionable under § 1983.  <u>Johnson v. Glick</u>, 481 F.2d 1028, 1033 n.7 (2d Cir.); <u>Maclean v. Secor</u>, 876 F. Supp. 695, 698-99 (E.D. Pa. 1995); <u>Murray v. Woodburn</u>, 809 F. Supp. 383, 384 (E.D. Pa. 1993) ("Mean harassment . . . is insufficient to state a constitutional deprivation."); <u>Prisoners' Legal Ass'n v. Roberson</u>, 822 F. Supp. 185, 189 (D.N.J. 1993) ("[V]erbal harassment does not give rise to a constitutional violation enforceable under § 1983.").

Mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations.  <u>Balliet v. Whitmire</u>, 626 F. Supp. 219, 228-29 (M.D. Pa.) ("[v]erbal abuse is not a civil rights violation . . ."), <u>aff'd</u>, 800 F.2d 1130 (3d Cir. 1986) (Mem.).  A constitutional claim based only on verbal threats will fail regardless of whether it is asserted under the Eighth Amendment's cruel and unusual punishment clause, <u>see</u> <u>Prisoners' Legal Ass'n</u>, 822 F. Supp. at 189, or under the Fifth Amendment's substantive due process clause.

Verbal harassment, with some reinforcing act accompanying them, however, may state a constitutional claim.  For example, a viable claim has been found if some action taken by the defendant escalated the threat beyond mere words.  <u>See</u> <u>Northington v. Jackson</u>, 973 F.2d 1518 (10th Cir. 1992) (guard put a revolver to

9

the inmate's head and threatened to shoot); <u>Douglas v. Marino</u>, 684 F. Supp. 395

(D.N.J. 1988) (involving a prison employee who threatened an inmate with a

knife).  Moreover, alleged instances of verbal harassment which are not

accompanied by any physical contact are constitutionally insufficient.  <u>See</u> <u>Hart v.</u>

<u>Whalen</u>, 2008 WL 4107651 *10 (M.D. Pa. July 29, 2008);   <u>Wright v. O'Hara</u>,

2004 WL 1793018 *7  (E.D. Pa. 2004)(correctional officer's words and gestures,

including lunging at prisoner with a clenched fist were constitutionally insufficient

because there was no physical contact).

There is no indication that the verbal harassment allegedly voiced against

Stafford was accompanied by a reinforcing act involving a deadly weapon as

contemplated under <u>Northington</u> and <u>Douglas</u>.  More importantly, it is not alleged

that the alleged verbal abuse was accompanied by any physically intrusive

behavior.  Given the circumstances described by Plaintiff, the purported verbal

abuse, although offensive, were not of such magnitude to shock the conscience as

contemplated by this Court in  <u>S.M. v. Lakeland School District</u>, 148 F. Supp.2d

542, 547-48 (M.D. Pa.  2001) and thus, the verbal threats and harassment by

themselves did not rise to the level of a constitutional violation.[7]

**<u>Access to the Court</u>**

---

[7]  The claims of verbal harassment to the extent that they are alleged to have
been part of a series of retaliatory actions will be discussed below.

The motion to dismiss argues that a viable access to the courts claim has not been stated because there is no demonstration by Stafford that he suffered any actual harm.  See Doc. 26, p. 13.

Prisoners enjoy a constitutional right of meaningful access to the law libraries, legal materials, or legal services.  Bounds v. Smith, 430 U.S. 817, 821-25 (1977).  Inmates have a right to send and receive legal mail which is uncontroverted and implicates both First and Sixth Amendment concerns, through the right to petition the government and the right of access to the courts.  "When legal mail is read by prison employees, the risk is of a 'chill,' rendering the prisoner unwilling or unable to raise substantial legal issues critical of the prison or prison employees."  Proudfoot v. Williams, 803 F. Supp. 1048, 1052 (E.D. Pa. 1992).

The United States Supreme Court in Lewis v. Casey, 518 U.S. 343, 351-54 (1996), clarified that an inmate plaintiff, in order to set forth a viable claim under Bounds, must demonstrate that a non-frivolous legal claim had been frustrated or was being impeded.  A plaintiff must also allege an actual injury to his litigation efforts.  Under the standards mandated by Lewis, in order for an inmate to state a claim for interference with his legal work, he must demonstrate that he has suffered actual injury.  See Oliver v. Fauver, 118 F.3d 175, 177-78 (3d Cir. 1997)(concluding that Lewis effectively requires a showing of actual injury where interference with legal mail is alleged).

Following a careful review of the Amended Complaint, it is clear to this Court that Stafford has failed to adequately demonstrate that he suffered any injury to a non-frivolous legal claim as required under <u>Lewis</u>.  Accordingly, the motion to dismiss will be granted with respect to any claim of denial of access to the courts raised by Plaintiff's Amended Complaint.[8]

**Retaliation**

Defendants' fourth argument contends that Plaintiff's claims of being subjected to retaliatory cell searches and cell transfers are constitutionally insufficient.  <u>See</u> Doc. 26, p. 9.

To establish a Section 1983 retaliation claim, a plaintiff bears the burden of satisfying three (3) elements.  First, a plaintiff must prove that he was engaged in a constitutionally protected activity.  <u>Rauser v. Horn</u>, 241 F.3d 330, 333 (3d Cir. 2001). Second, a prisoner must demonstrate that he "suffered some 'adverse action' at the hands of prison officials."  (<u>Id.</u>)(quoting <u>Allah v. Seiverling</u>, 229 F.3d 220, 225 (3d Cir. 2000)).  This requirement is satisfied by showing adverse action "sufficient 'to deter a person of ordinary firmness' from exercising his First Amendment rights."  (<u>Id.</u>)(quoting <u>Suppon v. Dadonna</u>, 203 F.3d 228, 235 (3d Cir. 2000)).  Third, a prisoner must prove that "his constitutionally protected conduct

---

[8]   However, the claims of interference with Plaintiff's right of access to the courts to the extent that they are alleged to have been part of a series of retaliatory actions will be discussed below.

was 'a substantial or motivating factor' in the decision to discipline him." Rauser,

241 F.3d at 333-34(quoting Mount Health Bd. of Educ. v. Doyle, 429 U.S. 274,

287 (1977)).  The mere fact that an adverse action occurs after a complaint or

grievance is filed is relevant, but not dispositive, for the purpose of establishing a

causal link between the two events.[9]  See Lape v. Pennsylvania, 157 Fed. App'x.

491, 498 (3d Cir. 2005).

Once Plaintiff has made a prima facie case, the burden shifts to the

Defendants to prove by a preponderance of the evidence that they "would have

made the same decision absent the protected conduct for reasons reasonably related

to penological interest."  Carter v. McGrady, 292 F.3d 152, 158 (3d. Cir.

2002)(internal quotation and citation omitted).  When analyzing a retaliation claim,

it must be recognized that the task of prison administrators and staff is difficult,

and the decisions of prison officials require deference, particularly where prison

security is concerned.  Rauser, 241 F.3d at 334.

Filing of a lawsuit is protected activity under the First Amendment right of

prisoners to petition the court.  Anderson v. Davila, 125 F.3d 148, 161 (3d Cir.

1997); Milhouse v. Carlson, 652 F.2d 371, 373-74 (3d Cir. 1981).  The submission

of grievances is also constitutionally protected conduct.  See Mitchell v. Horn, 318

---

[9]   Only where the facts of a particular case are "unusually suggestive" of a
retaliatory motive will temporal proximity, standing alone, support an inference of
causation.  Krouse v. American Sterlizer Co., 126 F.3d 494, 503 (3d Cir. 1997).

F.3d 523, 530 (3d Cir. 2003).   Since Plaintiff alleges that the purported retaliatory

actions were taken in response to his initiation of grievances and civil suits this

Court is satisfied at this juncture in the proceedings that the <u>Rauser</u>, requirement

that Plaintiff show that his constitutionally protected activity was a motivating

factor for the adverse action was satisfied.

Defendants contend that a viable retaliation claim has not been stated

because cell searches are not as a matter of law sufficient to deter any reasonable

prisoner for exercising his or here right to access to the courts.  <u>See</u> Doc. 26, p. 11.

They similarly argue that cell transfers are also not adverse actions.

In support of their argument Defendants rely in part on <u>Brooks v. Smith</u>,  2007

U.S. Dist. LEXIS 82371  (M.D. Pa. Aug. 30, 2013)(Vanaskie, J.) .  <u>Brooks</u> was a

decision issued by the district court following a non-jury trial and as such was

clearly in a different procedural posture than the matter presently before this Court.

Second, <u>Brooks</u> correctly noted that  retaliatory acts may be actionable even if the

act standing alone does not violate the Constitution.  <u>See id</u>. at * 20.  It also

concluded that a prisoner's transfer to administrative confinement could deter a

person of ordinary firmness from exercising their First Amendment rights.

Accordingly, <u>Brooks</u> does not support the argument that cell searches and cell

transfers cannot constitute adverse action.

Defendants also rely on <u>Marshall v. Sobina</u>, 2013 U.S. Dist. LEXIS 140173

*25-26 ((W.D. Pa. Aug. 30, 2013), a Report and Recommendation issued by a

Magistrate Judge regarding two motions for summary judgment.[10]   Marshall also

recognized that an otherwise legitimate and constitutional government act can

become unconstitutional when it is demonstrated that the act was taken in

retaliation for the exercise of a First Amendment right.  See id. at * 23.

As noted in Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000)), a

prisoner litigating a retaliation claim need not prove that he had an independent

liberty interest in the privileges that he was denied.  Thus, the relevant inquiry is

not whether the alleged retaliatory conduct was unconstitutional.  On the contrary,

Plaintiff only needs to establish that he was subjected to adverse action in

retaliation for his engagement in constitutionally protected conduct.

Accordingly, Defendants' argument that cell searches and transfers cannot

constitute adverse action is not compelling.  The claims of retaliation will be

allowed to proceed.

**Equal Protection/Due Process/Confidentiality**

The final argument raised by Defendants contends that there are no facts

alleged to support Plaintiff's claims of equal protection, due process and

confidentiality violations.  See Doc. 26, p. 14.  A review of the Amended

---

[10]    There is no indication by Defendants as to whether the Report and
Recommendation was adopted by the district court.

Complaint shows that Plaintiff makes a general assertion that his equal protection

and due process rights under the Fourteenth Amendment were violated.  See Doc.

14-1, p. 4.  Stafford also vaguely contends that his right to confidentiality was

violated.  See id.

A litigant seeking to establish a viable equal protection claim must show an

intentional or purposeful discrimination.[11]  Wilson v. Schillinger, 761 F.2d 921, 929

(3d Cir. 1985), cert. denied, 475 U.S. 1096 (1986).  Plaintiff's present claims do not

involve a classification based on race, religion, or national origin.

Based upon a review of the Amended Complaint, there is no discernible

claim that any Defendant engaged in intentional or purposeful discrimination or that

they treated Stafford differently from similarly situated individuals on the basis of

his race or some other impermissible reason.  The Amended Complaint contains no

factual averments which could support a claim that the Defendants intentionally

created any discriminatory policies or programs. Dismissal of Stafford's wholly

unsupported equal protection claim is appropriate.

The Fourteenth Amendment of the United States Constitution provides in

pertinent part: "No State shall . . . deprive any person of life, liberty, or property,

without due process of law . . . ."  Liberty interests protected by the Fourteenth

---

[11] The Fourteenth Amendment of the Constitution provides in pertinent part: "No State shall . . . deny any person within its jurisdiction the equal protection of the laws."

16

Amendment may arise either from the Due Process Clause itself or from state law.  Meachum v. Fano, 427 U.S. 215, 223-26 (1976).

With respect to the pro se Plaintiff's claim that his right to confidentiality was violated, it appears that he may be attempting to raise a cell search related claim.  The United States Supreme Court in Hudson v. Palmer, 468 U.S. 517 (1984), established that inmates have no privacy rights in their cells.  Consequently, there is no constitutional prohibition against prison officials conducting unauthorized cell searches.  Id. at 525-26; Rambert v. Durant, No. CIV. A. 95-5636, 1996 WL 253322 *2 (E.D. Pa. May 10, 1996); Gilmore v. Jeffes, 675 F. Supp. 219, 221 (M.D. Pa. 1987).  However, it has also been held that while the Fourth Amendment's prohibition on unreasonable searches does not apply in prison cells, it does not mean that searches which constitute "calculated harassment unrelated to prison needs" are permissible.  Hudson, 468 U.S. at 530; Prisoners' Legal Ass'n v. Roberson, 822 F. Supp. 185, 189 (D.N.J. 1993); Proudfoot v. Williams, 803 F. Supp. 1048, 1051 (E.D. Pa. 1992) (stating that searches conducted for 'calculated harassment' may constitute an Eighth Amendment violation).  "Nor does it mean that prison attendants can ride roughshod over inmates' property rights with impunity."  Hudson 468 U.S. at 530.

Since the pending motion to dismiss does not adequately address the

sufficiency of such a claim it will be allowed to proceed.


                              BY THE COURT:


                                s/ Matthew W, Brann
                              Matthew W. Brann
                              United States District Judge